UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNE G. McBRIDE,

    Plaintiff,
v.                    Case No. 8:09-cv-1204-T-33TBM

MERRILL LYNCH BANK & TRUST CO.,
FBS and BANK OF AMERICA
CORPORATION,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants' Motion to Strike Plaintiff's Punitive Damages Demand Under the Florida Whistle Blower Act (the "Motion to Strike" Doc. # 21), filed on September 21, 2009. Plaintiff, Anne McBride, filed a Response in Opposition to the Motion to Strike on September 21, 2009. (Doc. # 22). For the reasons that follow, the Court will grant the Motion to Strike.

**I.**   **Background**

Plaintiff filed a one-count complaint against Defendants, Merrill Lynch and Bank of America, in state court on May 19, 2009, under the Florida Private Sector Whistle Blower Protection Act, Fla. Stat. Section 448.101, *et seq*. (the "FWA"). According to the complaint, McBride, an attorney, was

1

employed by Defendants as a Vice President and Senior Trust Officer since August 2, 2004. (Doc. # 2 at ¶ 8). During her employment, McBride became "troubled and concerned" that Defendants had violated Florida Statute Section 415.103(a), which prohibits financial abuse of the elderly. (Doc. # 2 at ¶ 13). McBride reported Defendants to four state agencies, the Merrill Lynch Ethics Hotline, and the Merrill Lynch Human Resources Department. (Doc. # 2 at ¶ 13). Thereafter, McBride was allegedly retaliated against and ultimately terminated. (Doc. # 2 at ¶¶ 14-18).

McBride contends that she was terminated in violation of the FWA due to her decision to "blow the whistle" on her employers' conduct. In her complaint, McBride seeks, *inter alia*, reinstatement, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.

On June 29, 2009, Defendants removed the case to Federal Court on the basis of diversity of citizenship. (Doc. # 1).[1] Thereafter, Defendants filed the Motion to Strike, in which

---

[1] In the Notice of Removal, Defendants explained that McBride is a citizen of Florida, Defendant Merrill Lynch is a citizen of Delaware and North Carolina, and Defendant Bank of America is also a citizen of Delaware and North Carolina. (Doc. # 1 at 3). Further, Defendants explain that the amount in controversy has been satisfied because, among other things, McBride's pre-suit demand letter sought $800,000 in damages from Defendants. (Doc. # 1 at 5).

they seek an order striking McBride's request for punitive damages from the complaint. For the reasons that follow, the Court will grant the Motion to Strike.

## II. Analysis

Defendants argue that "the plain and unambiguous language of the FWA does not provide for recovery of punitive damages." (Doc. # 21 at 2). Defendants are correct. The FWA reads in pertinent part:

> In any action brought pursuant to subsection (1), the court may order relief as follows:
> (a) An injunction restraining continued violation of this act.
> (b) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.
> (c) Reinstatement of fill fringe benefits and seniority rights.
> (d) Compensation for lost wages, benefits, and other renumeration.
> (e) Any other compensatory damages allowable at law.

Fla. Stat. § 448.103(2).

There is no reference to punitive damages in the FWA. Furthermore, in Branche v. Airtran Airways, Inc., 314 F. Supp. 2d 1194, 1196 (M.D. Fla. 2004)(Moody, J.), the court, after conducting thorough analysis, held that "punitive damages are not available under the FWA." Id. The Branche decision is not binding upon this Court; however, the Court follows its reasoning because it was decided on relevant facts that are

similar to those presented here.

As in <u>Branche</u>, this matter is before the Court based on diversity jurisdiction. Accordingly, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. <u>Tech. Coating Apps., Inc. v. United States Fid. & Guar. Co.</u>, 157 F.3d 843, 844 (11th Cir. 1998). Furthermore, this Court must apply Florida law in the same manner that the Florida Supreme Court would apply it. <u>Brown v. Nicholas</u>, 8 F.3d 770, 773 (11th Cir. 1993). If the Florida Supreme Court has not spoken on an issue, this Court is "bound by intermediate Florida appellate decisions." <u>Blanchard v. State Farm Mut. Auto Ins. Co.</u>, 903 F.2d 1398, 1399 (11th Cir. 1990).

The Florida Supreme Court and the Florida Courts of Appeal are silent on the issue of punitive damages under the FWA. The Court therefore relies on the <u>Branche</u> decision and other decisions following its reasoning. <u>See</u> e.g., <u>Dudding v. Liberty Health Care Corp.</u>, 2:06-cv-149, 2007 U.S. Dist. LEXIS 4364, at *3 (M.D. Fla. Jan. 22, 2007)(Steele, J.)(striking request for punitive damages in FWA case); <u>Wells v. XPEDX</u>, 8:05-cv-2193, 2007 U.S. Dist. LEXIS 33288, at *5 (M.D. Fla. May 7, 2007)(Jenkins, J.)(finding that in the context of an FWA case, "punitive damages are not permitted for Defendant's

alleged violation of this act."); <u>Hanna v. WCI Communities, Inc.</u>, 348 F. Supp. 2d 1332, 1333 (S.D. Fla. 2004)(Hurley, J.)(striking demand for punitive damages in a FWA case because the FWA's plain language only lists "compensatory damages," clearly indicating that punitive damages are not available.); <u>Denford v. Rolly Marine Serv. Co.</u>, 05-cv-60166, 2005 U.S. Dist. LEXIS 9759, at *3 (S.D. Fla. Apr. 11, 2005)(Dimitrouleas, J.)("No Florida case authorizes such an award. The Court will strike the request for punitive damages [in an FWA case]."); <u>Parker v. Peavy & Sons, Inc.</u>, 4:05-cv-100, 2006 U.S. Dist LEXIS 30327, at *3 (N.D. Fla. May 16, 2006)("[P]unitive damages are not permitted under Florida's Whistleblower Act.").

In light of the fact that McBride could offer no case law on point in support of her position that punitive damages should be permitted under the FWA, and based on its own independent research, the Court determines that the McBride's demand for punitive damages should be stricken. The Court grants the Motion to Strike.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendants' Motion to Strike McBride's Punitive Damages Demand Under the Florida Whistle Blower Act (Doc. # 21) is

5

**GRANTED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of November, 2009.

*[Signature: Virginia M. Hernandez Covington]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record