```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

ANNE G. McBRIDE,

        Plaintiff,
v.                               Case No.  8:09-cv-1204-T-33TBM

MERRILL LYNCH BANK & TRUST CO.,
ET AL.,

        Defendants.
_____/
```

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Miscellaneous Relief (Doc. # 60), filed on October 26, 2010.  For the reasons that follow, the Court grants the motion.

**Analysis**

McBride filed her complaint against Merrill Lynch and Bank of America in the Tenth Judicial Circuit in and for Polk County, Florida on May 19, 2009. (Doc. # 2).  Merrill Lynch and Bank of America then removed the case to this Court on June 29, 2009. (Doc. # 1).[1]

In her complaint, McBride alleges that Merrill Lynch retaliated against her in violation of the Florida Private Sector Whistle Blower Protection Act, Florida Statute Sections

---

[1] McBride voluntarily dismissed Bank of America from the action with prejudice on September 21, 2010. (Doc. # 56).

448.101-448.105, after she reported what she believed to be an unlawful transaction involving an elderly person to four state agencies, as well as the Merrill Lynch ethics hotline, and Merrill Lynch's human resources department. (Doc. # 2 at ¶¶ 5-16). She alleges that she was ultimately terminated due to her act of reporting the questionable transaction. (Doc. # 2 at ¶ 17).

McBride propounded discovery requests to Merrill Lynch requesting non-privileged documents Merrill Lynch generated in response to McBride's internal and external reports regarding the above transaction. Pursuant to McBride's requests, Merrill Lynch produced a number of responsive documents; however, it was unable to locate an investigation file compiled by Maryann Wong, one of Merrill Lynch's attorneys. (Doc. # 60 at 2).

The discovery deadline passed on July 30, 2010, all depositions, including Wong's deposition, have taken place, and McBride has responded to Merrill Lynch's motion for summary judgment. (Doc. # 24, 35, 42). In addition, the pretrial conference is set to take place on December 3, 2010, and this case is scheduled for a jury trial during the Court's January 2011 trial term. At this late stage of the

proceedings, Merrill Lynch advises the Court that it has located the Wong investigation file "purely by accident." (Doc. # 60 at 2).

In an effort to ameliorate the prejudice caused by its failure to locate the Wong investigation file in a timely manner, Merrill Lynch has agreed to fourteen specific provisions, outlined in detail in the motion (Doc. # 60 at 3-6).[2]  The Court grants the motion and adopts the provisions implemented by Merrill Lynch to cure the prejudicial impact of the late disclosure of the Wong file.  The Court will not repeat the lengthy discussion of those provisions in this Order except to specifically mention those provisions which bear on the Court's Case Management and Scheduling Order and trial calendar.

Specifically, the Court: (1) reopens discovery for the limited purpose of McBride continuing the depositions of Sue Bond, Christian Heilmann, and Maryann Wong, limited to the contents of the Wong file and new matters brought to light by the Wong file documents; (2) stays its consideration of Merrill Lynch's motion for summary judgment; (3) allows

---

[2] For instance, Merrill Lynch has agreed to pay for two nights accommodation in New York for McBride and her attorney for the depositions of Sue Bond, Christian Heilmann, and Maryann Wong.

McBride 30 days from after the last of the aforementioned depositions to file supplemental evidence from the Wong file and depositions, and argument based thereon in opposition to Merrill Lynch's motion for summary judgment; (4) allows McBride 30 days from the date of this Order to file a motion to compel as to any documents withheld by Merrill Lynch from the Wong file based on privilege; and (5) continues the trial of this matter to its April 2011 term. The Court will issue a separate order specifically continuing the pretrial conference and trial, as well as accompanying deadlines for filing proposed jury instructions and other matters.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The parties' Joint Motion for Miscellaneous Relief (Doc. # 60) is **GRANTED** as specified above.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of October 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record